**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OFARIZONA

| | |
|---|---|
| Jeremy A Harkin, | No. CV-17-00352-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Fitness International LLC, | |
| Defendant. | |

Pending before the Court is Defendant's Rule 12(b)(1) Partial Motion to Dismiss. (Doc. 21.)[1] In the Motion, Defendant argues that the negligence claim asserted in Plaintiff's First Amended Complaint ("FAC") (Doc. 11) should be dismissed for lack of subject-matter jurisdiction. Plaintiff filed a Response (Doc. 26) in opposition to the Partial Motion to Dismiss, and Defendant filed a Reply (Doc. 29).

**I. Allegations of Plaintiff's FAC**

Plaintiff's FAC asserts a claim for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, as well as a state-law negligence claim. (Doc. 11 at 1, 4-6.) Plaintiff alleges that this Court has original jurisdiction over the ADA claim

---

[1] On December 8, 2017, Defendant filed its Answer (Doc. 14) to Plaintiff's FAC. Defendant then filed the pending Rule 12(b)(1) Partial Motion to Dismiss on January 30, 2018. A motion asserting a lack of subject-matter jurisdiction under Rule 12(b)(1) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Defendant's pending Motion was filed after Defendant's responsive pleading, in violation of Fed. R. Civ. P. 12(b). However, because "challenges to subject matter jurisdiction may be raised at any point," *Herklotz v. Parkinson*, 848 F.3d 894, 897 (9th Cir. 2017), the Court will evaluate Defendant's pending Motion on the merits rather than on timeliness grounds.

pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the negligence claim pursuant to 28 U.S.C. § 1367. (Doc. 11 at 1.) The factual allegations of Plaintiff's FAC are as follows:

Plaintiff is a qualified individual with a disability under the ADA, and Defendant is a foreign LLC doing business in the District of Arizona as L.A. Fitness. (Doc. 11 at 2 ¶¶ 6, 8.)[2] As a result of childhood polio, Plaintiff has a severely deteriorated right side requiring use of a full right-leg brace, and a weakened left leg. (*Id.* at 2 ¶ 9.)

On or about December 5, 2016, Plaintiff began visiting Defendant's L.A. Fitness facility located at 240 South Wilmot Road in Tucson, Arizona. (*Id.* at 2 ¶ 11.) After an introductory pass, Plaintiff joined L.A. Fitness as a member. (*Id.*) Defendant represented to Plaintiff that Plaintiff would be able to access the pool and Jacuzzi at the L.A. Fitness with electrical lifts. (*Id.* at 2 ¶ 12.) However, for most of the time from December 2016 to September 2017, the lifts were not fully operational and usable. (*Id.* at 2-4 ¶¶ 13, 15, 17, 24.)[3] Plaintiff repeatedly informed Defendant about the inaccessibility of the pool and Jacuzzi. (*Id.* at 2 ¶ 14.) As a result of the lifts' inoperability and/or inadequacies, Plaintiff was injured multiple times. (*Id.* at 3-4 ¶¶ 16-22.) In addition to the problems with the lifts, Plaintiff alleges three additional barriers to access: the path to the pool is often wet and slippery, the main door to the L.A. Fitness lacks an automatic door opener, and there are too few disabled parking spaces in close proximity to the L.A. Fitness's entrance. (*Id.* at 4 ¶ 28.)

In his ADA claim, Plaintiff alleges that, due to barriers to access, Defendant has discriminated against and continues to discriminate against Plaintiff by denying him full, safe, and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at Defendant's L.A. Fitness. (*Id.* at 4-5.) In his state-law negligence

---

[2] All record citations refer to the page numbers generated by the Court's electronic filing system.

[3] Plaintiff's FAC indicates that Plaintiff has been able to safely use the pool lift since September 2017, but that the Jacuzzi lift is still unreliable and unusable without assistance. (Doc. 11 at 4 ¶¶ 23-24.)

claim, Plaintiff alleges that Defendant owed Plaintiff a duty of reasonable care, that the inadequate lifts created a dangerous condition, that Defendant knew or should have known of the inadequate lifts, and that Plaintiff was injured as a direct and proximate result of Defendant's negligence. (*Id.* at 5-6.)

**II.     Legal Standard**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In a civil action in which a district court has original jurisdiction, the court generally also has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A state-law claim is part of the same case or controversy as a federal claim if the claims share "a common nucleus of operative fact" and are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Supplemental jurisdiction "need not be exercised in every case in which it is found to exist." *Id.* at 726. Because the justification for supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants . . . a federal court should hesitate to exercise" supplemental jurisdiction when these considerations are not present. *Id.* A district court may decline to exercise supplemental jurisdiction over a state-law claim if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim(s) for which the court has original jurisdiction, (3) the court "has dismissed all claims over for which it has original jurisdiction," or (4) "in exceptional circumstances," if "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

**III.    Discussion**

There is no dispute that his Court has original jurisdiction over Plaintiff's ADA claim. Defendant argues that this Court lacks supplemental jurisdiction over Plaintiff's

state-law negligence claim because the negligence claim does not share a common nucleus of operative fact with the ADA claim. (Doc. 21 at 1.) In support of this argument, Defendant notes that the "two claims have entirely different elements" and that proving Plaintiff's ADA claim would not automatically prove the negligence claim. (*See id.* at 3.) However, the standard for determining whether supplemental jurisdiction exists is not whether the federal and state claims share precisely the same elements; the standard is whether the claims share "a common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers*, 383 U.S. at 725.

Plaintiff's ADA claim and his negligence claim are both premised on Defendant's alleged failure to provide safe, operable lifts for accessing the pool and Jacuzzi at the L.A. Fitness facility located at 240 South Wilmot Road. The underlying factual allegations are substantially the same for both claims, and a plaintiff would ordinarily expect to try both claims in one judicial proceeding. Although the claims have different elements, they nevertheless share a common nucleus of operative fact. Accordingly, the Court finds that it has supplemental jurisdiction over Plaintiff's state-law negligence claim pursuant to 28 U.S.C. § 1367(a).

Although Defendant's Motion cites 28 U.S.C. § 1367(c) (*see* Doc. 21 at 2), Defendant does not argue that any of the provisions of § 1367(c) are applicable, and the Court finds that they are not. Considerations of judicial economy, convenience, and fairness support the exercise of supplemental jurisdiction in this case.

. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .

Accordingly,

**IT IS ORDERED** that Defendant's Rule 12(b)(1) Partial Motion to Dismiss (Doc. 21) is **denied**.

Dated this 20th day of March, 2018.

Honorable Rosemary Márquez
United States District Judge